PANTAGES THEATRE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9799. Promulgated August 6, 1929.

*J. S. Y. Ivins, Esq.*, and *Joseph D. Brady, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

84

OPINION.

ARUNDELL: The returns of the petitioner for the years 1918 and 1919 having been filed on June 16, 1919, and March 14, 1920, respectively, the period for assessment of taxes for those years expired five years thereafter (section 277(a)(2), Revenue Act of 1924) unless the limitation periods were extended pursuant to the provisions of section 278(c) of the same Act. On the dates set forth in our findings of fact the petitioner executed instruments having for their purpose an extension of the statutory periods for assessment and collection, first for an unlimited time, and then to December 31, 1925. The letter notifying the petitioner of the deficiencies for the taxable years was mailed October 14, 1925, a date within the statutory periods of limitation as extended by the documents signed by the petitioner and delivered to the respondent.

The petitioner questions the effectiveness of the several documents introduced into the record by the respondent over the objection of its counsel to extend the statutory periods of limitation, on the ground that it has not been shown that they were signed by

the Commissioner or a duly authorized agent prior to the running of the statute. No contention is being made that they were not signed on behalf of the petitioner on the dates shown on the papers.

Neither the original petition filed herein on December 9, 1925, nor the amended petition filed on December 8, 1928, set up as a defense the bar of the statute of limitations. The defense was pleaded for the first time in an amendment to the amended petition filed March 18, 1929. No evidence was offered by either party to the proceeding as to the time the Commissioner's signature was affixed to the instruments or that the signature is not what it purports to be. A short time after the instruments were executed in behalf of the petitioner they were delivered to the Commissioner, in whose custody they remained until the hearing of the case.

We have heretofore decided that it is not necessary for the Commissioner to sign consents personally in order to give them validity. *Perkins Land & Lumber Co.*, 9 B. T. A. 528; *Trustees of Ohio & Big Sandy Coal Co.*, 9 B. T. A. 617; *Greylock Mills*, 9 B. T. A. 1281, and *National Piano Manufacturing Co.*, 11 B. T. A. 46.

" It is a general principle to presume that public officials act correctly, in accordance with the law and their instructions, until the contrary appears." *Trustees of Ohio & Big Sandy Coal Co., supra,* citing authorities. This rule was applied in *National Piano Manufacturing Co., supra,* where the taxpayer, like the petitioner here, questioned the validity of the consent on the ground that the evidence did not show when and by whom they were signed on behalf of the Commissioner. In *Maple Coal Co.*, 10 B. T. A. 1336, there was no proof of the date the Commissioner affixed his signature to the consents and in the absence of evidence that it was withdrawn prior to acceptance by the Commissioner, we held the consent to be valid. See also *Joy Floral Co.*, 7 B. T. A. 800; *Consumers Ice Co.*, 11 B. T. A. 144; and *Wells Brothers Co.*, 16 B. T. A. 79.

In our opinion the consents are valid and operate to extend the statutory periods of limitation for assessment and collection of the deficiencies beyond the mailing of the deficiency notice.

No error was committed by the respondent in reducing invested capital by the amount of taxes due for prior years. Section 1207, Revenue Act of 1926, and *Russel Wheel & Foundry Co.*, 3 B. T. A. 1168.

*Judgment will be entered for the respondent.*