Lee Wilson & Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 33826. Promulgated March 11, 1932.

*George H. Goodner, Esq.*, and *F. C. Rohwerder, C. P. A.*, for the petitioner.

*Eugene Harpole, Esq.*, and *E. M. Niess, Esq.*, for the respondent.

## OPINION.

Van Fossan: The first issue raises the question of whether the assessment and collection of deficiencies for the fiscal years ended January 31, 1922 and 1923, were barred by the statute of limitations prior to the date when the final deficiency notice was mailed on November 17, 1927. Our findings set forth the facts that as to the said years waivers were executed prior to the expiration of the four-year period of limitations provided for by section 250(d) of the Revenue Act of 1921, and reenacted in the later revenue acts, and that such waivers, if valid, extended the period until December 31, 1927, which is subsequent to the date when the deficiency notice was mailed. The petitioner disputes the validity of these waivers and argues that the respondent has failed to establish that such waivers were signed by the Commissioner personally or by some one properly authorized to sign his name, and, further, that respondent has failed to establish the date on which the Commissioner's name was signed on the waivers and whether they were signed before or after December 31, 1927. The signature of R. E. Lee Wilson, Sr., Trustee, affixed to each of the three waivers, is not disputed, nor is there any dispute as to the dates during the month of December, 1926, appearing at the head of the waivers. One waiver, pertaining to the year ended January 31, 1922, shows that it was approved by the Commissioner or his deputy on December 31, 1926. A waiver is not a contract and the Commissioner's signature is required purely for administrative purposes and not to convert into a contract what is essentially a voluntary, unilateral waiver of a defense by a taxpayer, *Stange* v. *United States*, 282 U. S. 270, and *Aiken* v. *Commissioner*, 282 U. S. 277, and there can be no doubt that

the Commissioner may authorize one or more persons to sign his name to meet the exigencies of such purely administrative duties. There is nothing in the requirement for the Commissioner's signature which limits the period during which a waiver may be effectively given, *Aiken* v. *Commissioner, supra,* and the signature of a Commissioner to a waiver of limitations is presumed to have been placed there by his authority, *Trustees for Ohio and Big Sandy Coal Co.* v. *Commissioner,* 43 Fed. (2d) 782. Each of the waivers here in question is regular on its face and the petitioner has not proven any irregularity as to signature or date. The waivers are valid. Cf. *Tameling* v. *Commissioner,* 43 Fed. (2d) 814. Accordingly, assessment and collection of the deficiencies for the years ended January 31, 1922 and 1923 are not barred. Also cf. *Pantages Theatre Co.,* 17 B. T. A. 82; affd., 42 Fed. (2d) 810; certiorari denied, 282 U. S. 890; *Fruit Growers Supply Co.,* 21 B. T. A. 315. The case of *Corn Products Refining Co.,* 22 B. T. A. 605, relied on by petitioner, is clearly distinguishable from the instant case on the facts.

The second issue has been disposed of by the stipulation of the parties to the effect that the net income of petitioner as determined by respondent for the fiscal year ended January 31, 1924, is overstated by the amount of $13,590.84.

The third issue involves the question of whether petitioner is entitled to deductions, in each of the years in question, of certain portions of taxes assessed by drainage, road and levee districts which extended through petitioner's lands. We have briefly set forth in our findings of fact the allocation of the said taxes paid by petitioner in each of the years in question, which allocation is based upon the stipulation, testimony and records submitted in evidence.

Section 234 (a) (3) of the Revenue Acts of 1921 and 1924 provides that, in computing the net income of corporations subject to the tax imposed by section 230 of such acts, there shall be allowed as a deduction " taxes paid or accrued within the taxable year except (c) taxes assessed against local benefits of a kind tending to increase the value of the property assessed."

The Commissioner's Regulations 62 and 65, articles 133 and 561, provide that taxes assessed against local benefits such as sidewalks, streets and other improvements are not deductible under the above quoted section of the revenue acts, and also that:

* * * Assessments under the statutes of California relating to irrigation and of Iowa relating to drainage, and under certain statutes of Tennessee relating to levees, are limited to property benefited, and when it is clear that the assessments are so limited, the amounts paid thereunder are not deductible as taxes. When assessments are made for the purpose of maintenance or repair of local benefits, the taxpayer may deduct the assessments paid as an

expense incurred in business, if the payment of such assessments is necessary to the conduct of his business. When the assessments are made for the purpose of constructing local benefits, the payments by the taxpayer are in the nature of capital expenditures and are not deductible. Where assessments are made for the purpose of both construction and maintenance or repairs, the burden is on the taxpayer to show the allocation of the amounts assessed to the different purposes. If the allocation can not be made, none of the amounts so paid is deductible.

No question has been raised as to the fact that the amounts paid to the said districts by petitioner constituted taxes duly assessed and collected by the several districts pursuant to the statutes of Arkansas. Our only question is whether that portion of such taxes used for interest, maintenance, repairs and expenses is deductible for the purpose of determining petitioner's net income. In the case of *Andrew Little*, 21 B. T. A. 911, we held that a tax, assessed and paid to an Idaho irrigation district for the purpose of meeting interest on that district's bonds, was not a tax of a kind tending to increase the value of the property assessed, and, therefore, was deductible as a tax under section 214 (a) (3) of the Revenue Act of 1921. Under authority of that decision we hold that the portion of taxes paid by this petitioner and allocated to interest for each of the years is deductible, namely, the amounts of $20,517.04, $22,259.22 and $23,381.49 for the years ended January 31, 1922, 1923 and 1924, respectively.

The Commissioner's regulations have provided for the deduction of that portion of such local benefit taxes as may be allocated to maintenance and repair of local improvements such as irrigation works, levees and drainage ditches. We agree that such amounts should be allowed as deductions. Respondent has arbitrarily classed such items as expenses incurred in business, although in fact they were paid out as taxes. Since either is allowable as a deduction it is unnecessary to decide which is the correct terminology. We are of the opinion that the portion of taxes paid by this petitioner and allocated to maintenance, repairs and expenses for each of the years is deductible, namely, the amounts of $9,764.28, $11,668 and $4,539.46, for the fiscal years ended January 31, 1922, 1923 and 1924, respectively.

The fourth issue involves the question of deduction for each of the years for depletion of timber. The respondent in his determination of the deficiencies in question has allowed certain deductions for each of the years for depletion of timber on the Wilson tract and also has allowed deductions of $2,568.69 and $1,957.74 for the fiscal years ended January 31, 1922 and 1923, respectively, for depletion of timber on the Chapman and Dewey tract. The petitioner contends that respondent has not allowed sufficient depletion, while

respondent, by amendment to his answer to conform to the proof, avers that he erred in allowing any deductions for depletion of timber on the Chapman and Dewey tract.

The record in this proceeding discloses that the Chapman and Dewey tract of timberland was purchased in 1916 by R. E. Lee Wilson, Sr., as an individual, that it was never owned by the corporation which transferred all of its property to Wilson on February 5, 1917, and that Wilson, in creating this petitioner, declared that he held in trust all of the property transferred to him by the corporation. .The record does not disclose any proof that the Chapman and Dewey tract ever became a part of the trust property, but, on the contrary, shows that Wilson remained the individual owner thereof and that during the years in question the petitioner purchased from Wilson the logs which it cut from the said tract. Accordingly, upon the facts of record, it is clear that petitioner is not entitled to any deductions for depletion of timber on the Chapman and Dewey tract and that respondent erred in allowing such deductions for the years ended January 31, 1922 and 1923.

The petitioner was created on February 5, 1917, as an operating trust and the certificates of interest were issued in equal amounts to Wilson, his wife, and their three children. On that date petitioner acquired numerous assets, by a transfer in trust, among which was a large tract of timberland known as the Wilson tract. There is no question but that for each of the three years in question petitioner is entitled to a deduction for depletion of its timber on the Wilson tract pursuant to section 234 (a) (9) of the Revenue Act of 1921 and section 234 (a) (8) of the Revenue Act of 1924, based upon the fair market value of the timber standing on said tract on February 5, 1917. *Magdaline McKinney*, 16 B. T. A. 804; section 204 (a) (4), Revenue Act of 1924.

The record includes both opinion and documentary evidence as to value. The opinions of petitioner's witnesses were strikingly harmonious in the values fixed for saw timber and make slight reference to bolt timber. Certain of this testimony was materially weakened by cross-examination, when the values were translated into acreage and residual values. Of more than ordinary importance are the values fixed by petitioner itself in the year 1922 in a sworn statement supplied to the bureau of internal revenue before the present tax controversy arose. See *Portage Silica Co.*, 11 B. T. A. 700.

Respondent's witnesses fixed a higher value than that employed in the computation on which the notice of deficiencies was based.

After careful consideration of all the evidence we have found as a fact that the fair market value of such timber on February 5, 1917, was $5 per thousand feet of saw timber and $3 per thousand feet of

850

bolt timber. We have set forth in our findings the number of feet of saw timber and bolt timber cut from the Wilson tract during each of the years in question and the allowable deduction for depletion should be computed on such amounts at the unit rate of $5 per thousand feet of saw timber and $3 per thousand feet of bolt timber.

*Decision will be entered under Rule 50.*