CHAPMAN & DEWEY LUMBER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHAPMAN & DEWEY LAND COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

KANSAS CITY & MEMPHIS FARMS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 33466, 37402, 37403, 47130, 50196, 51058, 51059, 51060.
Promulgated April 15, 1932.

*Fred R. Angevine, Esq.*, for the petitioners.
*De Witt M. Evans, Esq.*, for the respondent.

OPINION.

LANSDON: At Docket Nos. 33466, 37402, 47130, 50196 and 51058 the respondent has determined deficiencies in income tax against the Chapman & Dewey Lumber Company for the years 1922, 1923, 1924, 1925, 1926 and 1927 in the respective amounts of $14,692.73, $3,981.17, $12,421.54, $12,654.20, $12,239.08 and $10,105.58; at Docket Nos. 37403 and 51059, against Chapman & Dewey Land Company for the years 1923 and 1927 in the respective amounts of $8,864.81 and $168.24; and, at Docket No. 51060, against the Kansas City & Memphis Farms Company for the year 1927 in the amount of $4,186.70. The several petitioners constitute an affiliated group for which the Chapman & Dewey Lumber Company as the parent corporation made consolidated income-tax returns in each of the taxable years. The consolidated group.will be referred to hereinafter as the petitioner. The several proceedings were duly consolidated for hearing. All the evidence material to the issues in

controversy has been embodied in a series of stipulations which are hereby incorporated in this report by reference.

An allegation of error in respect of insufficient depletion of timber for the year 1924 has been settled by a stipulation that for the year 1924 the petitioner is entitled to additional depletion in the amount of $5,353.69 and adjustment in conformity therewith will be made under Rule 50. Two questions are submitted for our decision:

(1) Is the petitioner entitled to deduct from gross income for each of the taxable years a pro rata amount of taxes levied against and paid by it and used by certain improvement districts in the State of Arkansas for the payment of their current interest obligations?

(2) Is the petitioner entitled to deduct from its gross income in each of the taxable years that part of its taxes paid in such years and used by improvement districts in the State of Arkansas for maintenance and repairs?

The petitioner owns extensive tracts of land within the boundaries of improvement districts, all duly and legally constituted under and by virtue of the laws of Arkansas, for the purpose of constructing and maintaining public highways, drainage ditches and levees. Such districts make annual assessments of taxes against the owners of lands within their boundaries which are always a certain percentage of the total benefits allocated to the several tracts of land taxed under the law for the construction and maintenance of the improvements. This annual assessment is based upon an estimate of the funds necessary to pay installments due on the principal cost of the improvements, interest on any outstanding district bonds and costs of maintenance and repairs. Requirements for such several purposes are not segregated on the books of the districts or on the tax statements and receipts. The respondent, on brief, concedes, however, that if the petitioner prevails the stipulation contains all the data necessary to the redetermination of all the deficiencies under Rule 50.

It is stipulated that the improvement taxes paid by the petitioner in the taxable years were used as follows:

| Year | Portion for bonds retired | Portion for interest paid | Portion for all expense | Amount of taxes paid |
|---|---|---|---|---|
| 1921 | $8,510.04 | $59,516.14 | $3,681.44 | $71,707.62 |
| 1922 | 7,964.20 | 62,657.47 | 11,069.50 | 81,691.17 |
| 1923 | 19,614.59 | 61,214.05 | 12,132.03 | 92,960.67 |
| 1924 | 20,849.60 | 76,805.87 | 14,295.19 | 111,950.66 |
| 1925 | 26,921.88 | 87,199.28 | 11,807.32 | 125,928.48 |
| 1926 | 21,152.00 | 90,372.79 | 12,656.34 | 124,181.13 |
| 1927 | 4,893.32 | 40,590.01 | 60,177.67 | 105,661.00 |
| Total | 109,905.63 | 478,355.61 | 125,819.49 | 714,080.73 |

On the books of the petitioner that part of taxes paid for retirement of bonds was capitalized and that for interest and maintenance was charged to profit and loss and deducted as paid from gross

income in the income-tax returns made for the several taxable years. Upon audit of such returns the respondent has disallowed the deductions so taken and determined the deficiencies here in controversy.

The identical questions here involved, relating to improvement districts in the State of Arkansas, have been fully considered, discussed and decided in favor of the petitioner in *Lee Wilson & Co.*, 25 B. T. A. 840. We there held that "the portion of taxes paid by the petitioner and allocated to interest for each of the years is deductible." In the same opinion we also held that "the portion of taxes paid by the petitioner and allocated to maintenance, repairs and expenses for each of the years is deductible." On the authority of that report we disapprove the deficiencies herein as determined by the respondent. Cf. *Andrew Little*, 21 B. T. A. 911.

*Decision will be entered under Rule 50.*