JOHN GRIFFITHS, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 18162.   Promulgated June 15, 1933.

*Paysoff Tinkoff, Esq., O. R. Seiter, Esq.,* and *A. S. Hubbard, Esq.,*
for the petitioner.
*Harold Allen, Esq.,* for the respondent.

OPINION.

McMAHON: On February 7, 1929, the Board rendered its opinion
in the above entitled proceeding and therein held that the respond-
ent's action in including in petitioner's taxable income for the year
1919 the amount of $87,926.63 representing bond premiums was cor-
rect.   The Board also held that the petitioner's tax return filed for
the year 1919 was willfully fraudulent and that the petitioner was
liable to the assessment of the penalty provided by statute in such
case.   *John Griffiths,* 15 B.T.A. 252.   On March 29, 1929, the Board
entered its decision, holding that there was a deficiency in tax of
$37,455.55 (the amount determined by the respondent to be the defi-
ciency) and holding further that there was a deficiency in penalty
of $18,727.78.

On September 30, 1929, the petitioner filed a petition for review of
the decision of the Board in the United States Circuit Court of Ap-
peals for the Seventh Circuit.   In such petition for review the
petitioner for the first time raised the question of the statute of
limitations.

On June 12, 1931, the United States Circuit Court of Appeals for
the Seventh Circuit rendered its opinion in *Griffiths* v. *Commis-
sioner,* 50 Fed. (2d) 782, therein holding that the Board erred in
finding that the petitioner was guilty of fraud in making his return.
The court did not disturb the holding of the Board that the re-
spondent's action in including the $87,926.63 item in petitioner's
taxable income for the year 1919 was correct.   The court did hold,
however, that there should be a retrial upon the question of the
waiver of the statute of limitations.   It clearly appears from the
court's opinion that assessment and collection are barred unless
there has been a waiver of the statute of limitations.   The court
stated in this regard in part as follows:

In the instant case petitioner's return for the year 1919 was made March 15,
1920, and the order of determination against him for a deficiency tax for the
year 1919 was made by the Commissioner of Internal Revenue May 18, 1926,
which was more than five years after the return was made.   It follows, there-
fore, that respondent is barred from maintaining this proceeding unless peti-
tioner was guilty of fraud in making his return.   Not only was the remedy
barred, but the liability extinguished.   *United States* v. *John Barth Co. et al.,*
27 F. (2d) 782.   It is true that sec. 1106 (a), *supra,* was repealed by sec. 612 ·

of the Revenue Act of 1928, which attempted to give effect to the repeal as of February 26, 1926, but in *United States* v. *John Barth Co. supra*, Judge Evans, speaking for the court, said, "it was not within the power of Congress to enact legislation to recreate the liability thus extinguished."

\*     \*     \*     \*     \*     \*     \*

We think that petitioner was not guilty of fraud in making his return. However, we are of the opinion that the ends of justice require that the cause be retried in order that both parties may offer such evidence as they may see fit to present upon the issue of waiver of the statute of limitations.

\*     \*     \*     \*     \*     \*     \*

In its mandate to the Board, under date of August 27, 1931, the United States Circuit Court of Appeals for the Seventh Circuit stated:

\*  \*  \* It is now here ordered and adjudged by this Court that  \*  \*  \* this cause be, and the same is hereby remanded to the said United States Board of Tax Appeals for further proceedings consistent with the opinion of this Court.

\*     \*     \*     \*     \*     \*     \*

You, therefore, are hereby commanded that such further proceedings be had in said cause, as according to right and justice, and the laws of the United States, ought to be had, the said Order of Redetermination notwithstanding.

A rehearing was subsequently had in accordance with such mandate. At such hearing the Board ruled that under the opinion and mandate of the court, the only question remaining for the Board to determine is the question of whether there has been a waiver of the statute of limitations.

The burden of proving any exception which would remove the case from the operation of the statute of limitations is upon the respondent. *Farmers Feed Co.*, 10 B.T.A. 1069.

Neither party amended his pleadings upon the retrial before the Board. In view of the fact, however, that the United States Circuit Court of Appeals for the Seventh Circuit, in its opinion, stated that either party may offer such evidence as it may see fit to present upon the issue of waiver, we believe that there is no duty upon respondent to amend his pleadings to allege an exception to the running of the statute, as contended by the petitioner. The petitioner's pleadings before the Board do not contain allegations concerning the running of the statute of limitations. The United States Circuit Court of Appeals for the Seventh Circuit, in its opinion, also stated:

Respondent contends, however, that petitioner is precluded from raising the question of the statute of limitations in this court because he did not raise it before the Board. But, as stated by Judge Evans in the case last cited, we are dealing with statutes which not only limit the time in which the action can be brought, but also extinguish the cause of action. In such a case there need be no special plea, because it is perfectly obvious that there is no cause of action. *People, etc.* v. *Herr*, 81 Ill. 125; 37 Corpus Juris, par. 722, p. 1217 and cases cited.

At the hearing counsel for the respondent appearing in his behalf produced an instrument in his possession which he offered in evidence and relied upon. He did not identify or authenticate the instrument by his own testimony or that of any other witness. Such instrument is as follows:

TREASURY DEPARTMENT
Internal Revenue Service
    Form 872A

### INCOME AND PROFITS TAX WAIVER

For Taxable Years ended prior to January 1, 1922

IT: PA: 1
IGK: 106                                         November 3, 1925

    In pursuance of the provisions of existing Internal Revenue Laws Mr. John Griffiths, a taxpayer of 112 West Adams Street, Chicago, Illinois, and the Commissioner of Internal Revenue hereby waive the time prescribed by law for making any assessment of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of said taxpayer for the year (or years) 1919 under existing revenue acts, or under prior revenue acts.

    This waiver of the time for making any assessment, as aforesaid shall remain in effect until December 31, 1926, and shall then expire except that if a notice of deficiency in tax is sent to said taxpayer by registered mail before said date and (1) no appeal is filed therefrom with the United States Board of Tax Appeals then said date shall be extended sixty days, or (2) if an appeal is filed with said Board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said Board.

                            [Signed]   JOHN GRIFFITHS
                                       *Taxpayer*
                                   D. H. BLAIR
                                 *Commissioner*
                                         A. L.

    If this waiver is executed on behalf of a corporation, it must be signed by such officer or officers of the corporation as are empowered under the laws of the State in which the corporation is located to sign for the corporation, in addition to which, the seal, if any, of the corporation must be affixed. [Underscoring ours.]

The above instrument is in printed form and the insertions therein, in both typewriting and handwriting, are underscored. Over the signature "D. H. Blair, Commissioner", the instrument is stamped as follows:

    Approved_____Nov. 14, 1925
                  Date
    Commisisoner of Internal Revenue

On the reverse side of such instrument, the following is stamped:

    Distribution Center
        Nov. 12, 1925
    Personal Audit Division

Upon the face of the instrument there are also other notations, written in handwriting or stamped, which we do not consider necessary to be set forth here.

From the deficiency notice, which was signed by or on behalf of the respondent, it appears that the respondent, in determining the deficiency and mailing such notice, relied upon a waiver.

John Griffiths, the petitioner, being upon the witness stand as a witness in his own behalf, testified as follows with regard to such instrument:

### EXAMINATION BY THE MEMBER

Q. Mr. Griffiths, you have examined that paper, have you not?

A. What is the question? Yes, that's my signature.

Q. The question is: Have you examined the paper put in your hands at my request?

MR. HUBBARD: May we make our objection?

The MEMBER: I will permit you to make your objection, and, furthermore, will permit you to strike it out if it is not—

A. That is my signature, your Honor.

Q. You have looked the paper over?

A. Yes, sir.

Q. And that signature there, which is the signature of John Griffiths, is your signature?

A. Yes, sir.

Q. You made it?

A. Yes, sir.

Q. At or about the time it is dated?

A. Yes, sir; it is here. This is my signature.

Q. And do you recollect what became of that paper after you had signed it?

A. No, sir.

Q. You have no recollection on that subject?

A. No.

The MEMBER: That's all.

Counsel for the petitioner objected to the receipt of such instrument in evidence upon the grounds that there is no proof of its execution and delivery and that it never became a part of the *res gestae*. It is also the position of the petitioner that the instrument in question to be admissible in evidence must be proved to have been obtained from the respondent's files. The Board received the instrument subject to the objection of counsel for the petitioner and reserved ruling upon its admissibility.

The above quoted testimony of the petitioner establishes that the instrument in question was executed by this petitioner. The instrument having been thus identified, it is our opinion that no further identification or authentication is necessary. On its face it purports to be a consent in writing entered into between the petitioner and the Commissioner of Internal Revenue for an extension of time within which to assess any taxes for the year 1919 until December 31, 1926.

It is signed "D. H. Blair, Commissioner" by "A. L."; it bears the stamp of approval of the Commissioner, dated November 14, 1925, and bears other notations indicating that it was in the custody of the respondent. From the deficiency notice it appears that the respondent, in determining the deficiency and mailing such notice, relied upon a waiver, and there is no showing that it was not the waiver quoted above. At the hearing this instrument, being in the possession of counsel for respondent, was offered and relied upon by him, a duly authorized representative of the respondent. The only proof upon the subject indicates that the waiver, after having been signed by petitioner, was delivered to the respondent, and that he accepted and relied upon it.

There are set forth in the margin sections 277 (a) (2) and (b), and 278 (c) of the Revenue Act of 1924, which were in effect at the time the above quoted instrument purports to have been executed.[1]

In *Fruit Growers Supply Co.*, 21 B.T.A. 315; affirmed in *Fruit Growers Supply Co.* v. *Commissioner*, 56 Fed. (2d) 90, we said:

* * * The basic objections of the petitioner to these waivers are shown by the following paragraph in its brief:

The respondent did absolutely nothing to prove that the statute had been extended except that his counsel at the trial offered in evidence certified photostatic copies of certain papers. *The petitioner stipulated that it had signed the originals of those papers. No other evidence was produced. The respondent did not prove where the originals were lodged. He did not prove who signed the originals on behalf of the other party to the documents. He did not prove that the person who signed them had authority to do so. He did not prove that they were signed by the Commissioner, nor that the Commissioner had authorized anyone else to sign them, or that if the Commissioner had authorized anyone else to sign them that the person authorized had signed them.* [Italics supplied.]

---

[1] SEC. 277. (a) Except as provided in section 278 and in subdivision (b) of section 274 and in subdivision (b) of section 279—

* * * * * * *

(2) The amount of income, excess-profits, and war-profits taxes imposed by * * * the Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.

* * * * * * *

(b) The period within which an assessment is required to be made by subdivision (a) of this section in respect of any deficiency shall be extended (1) by 60 days if a notice of such deficiency has been mailed to the taxpayer under subdivision (a) of section 274 and no appeal has been filed with the Board of Tax Appeals, or, (2) if an appeal has been filed, then by the number of days between the date of the mailing of such notice and the date of the final decision by the Board.

SEC. 278. (c) *Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.* [Italics supplied.]

Substantially the same objections have heretofore been considered by the Board in other cases and held ineffective.

*Trustees for Ohio & Big Sandy Coal Co. et al.*, 9 B.T.A. 617 (affirmed on this point, *Trustees for Ohio & Big Sandy Coal Co. v. Commissioner*, 43 Fed. (2d) 282) ; *Pantlind Hotel Co. et al.*, 9 B.T.A. 878; *National Piano Manufacturing Co.*, 11 B.T.A. 46; and *Consumers Ice Co.*, 11 B.T.A. 144. See also *Liberty Baking Co. v. Heiner*, 34 Fed. (2d) 513 (affd., 37 Fed. (2d) 203) ; *Diamond Alkali Co. v. Heiner*, 39 Fed. (2d) 645; and *Pantages Theatre Co. v. Lucas*, 42 Fed. (2d) 810, affirming *Pantages Theatre Co.*, 17 B.T.A. 82. In fact, the petitioner inferentially admits in its brief that the decisions of the Board are contrary to its position, but suggests, for reasons therein given, that such cases have been decided erroneously. We are of the opinion that the reasons advanced by the petitioner are fully answered in the authorities cited above, and accordingly hold that the deficiencies in question are not barred.

In *Constitution Publishing Co.*, 22 B.T.A. 426, we stated:

The petitioner also raised the question that there is no testimony to show that the Commissioner either signed the waiver in person or authorized any one in his behalf to sign it. The instrument, however, appears regular on its face, with the Commissioner's signature thereon. Apparently this signature was placed there not by the Commissioner personally, as it bears initials below the signature. However, there is a presumption that the signature was placed there by some one having authority to do it. *The waiver appears upon its face to be properly executed and if it is not, the taxpayer should have introduced some evidence to the contrary. Until the contrary appears, a waiver which is regular on its face, bearing the signature of the proper parties, will be accepted and considered of legal and binding effect.* Liberty Baking Co. v. Heiner, 34 Fed. (2d) 513; Pantages Theatre Co. v. Lucas, 42 Fed. (2d) 810; Marshall Wells Co. v. Willcuts, 41 Fed. (2d) 751; Diamond Alkali Co. v. Heiner, 39 Fed. (2d) 645. [Italics supplied.]

In *Lee Wilson & Co.*, 25 B.T.A. 840, we stated:

\* \* \* A waiver is not a contract and the Commissioner's signature is required purely for administrative purposes and not to convert into a contract what is essentially a voluntary, unilateral waiver of a defense by a taxpayer, *Stange v. United States*, 282 U.S. 270, and *Aiken v. Commissioner*, 282 U.S. 277, and there can be no doubt that the Commissioner may authorize one or more persons to sign his name to meet the exigencies of such purely administrative duties. There is nothing in the requirement for the Commissioner's signature which limits the period during which a waiver may be effectively given, *Aiken v. Commissioner, supra,* and the signature of a commissioner to a waiver of limitations is presumed to have been placed there by his authority, *Trustees for Ohio and Big Sandy Coal Co. v. Commissioner*, 43 Fed. (2d) 782. Each of the waivers here in question is regular on its face and the petitioner has not proven any irregularity as to signature or date. The waivers are valid. Cf. *Tameling v. Commissioner*, 43 Fed. (2d) 814. Accordingly, assessment and collection of the deficiencies for the years ended January 31, 1922 and 1923, are not barred. Also cf. *Pantages Theatre Co.*, 17 B.T.A. 82; affd., 42 Fed. (2d) 810; certiorari denied, 282 U.S. 890; *Fruit Growers Supply Co.*, 21 B.T.A. 315. \* \* \*

In *Onondaga Co. v. Commissioner*, 50 Fed. (2d) 397; certiorari denied, 284 U.S. 671, the court said:

\* \* \* Is the Commissioner's personal signature necessary to the validity of the waiver? \* \* \*

\* \* \* The courts have taken the view that an initial signature, not in the Commissioner's handwriting, will be presumed to be authorized within section 250 (d), where it appears in a waiver which has been the subject of official action. \* \* \* It will be presumed that the signatures to waivers were properly affixed within the meaning of section 250 (d), since it was apparently affixed by some one connected with the Department. The Commissioner acted upon them in sending out the deficiency letter later. \* \* \*

In *Board* v. *Commissioner*, 51 Fed. (2d) 73, the court said:

▉▉ The record is wholly devoid of evidence upon which to substantiate a claim that the waiver was not executed by the Commissioner himself or by one duly authorized to act in that behalf. The execution of the waiver by the Commissioner is a purely ministerial act, and it is not clear why signature by a duly authorized deputy is not sufficient. Statutes of limitations must be strictly construed in favor of the sovereign. Compare *The Confiscation Cases*, 20 Wall. 92, Ill., 22 L. Ed. 320; *Loewer Realty Co.* v. *Anderson*, 31 F. (2d) 268 (C.C.A. 2). Having been signed by the petitioner and acted upon by the Commissioner, and bearing his signature either in person or by one presumably authorized to affix it, " it would be unconscionable to allow the taxpayer to afterwards repudiate a consent upon which the Commissioner had acted and relied." *Liberty Baking Co.* v. *Heiner* 37 F. (2d) 703, 704 (C.C.A. 3). See, also, *Greylock Mills* v. *Commissioner*, 31 F. (2d) 655 (C.C.A. 2).

Upon the authority of the foregoing cases we hold that the identity and authenticity of the instrument in question has been sufficiently established; that the waiver must be " accepted and considered of legal and binding effect "; and that it is a valid waiver. The waiver was signed by the petitioner. There is a presumption that the signature of the Commissioner upon the waiver was put there by some one having authority to do so. The waiver appears upon its face to be properly executed and regular. The waiver has been the subject of official action and has been and is being relied upon by the Commissioner. The petitioner has made no showing to the contrary. The objection of the petitioner to its receipt in evidence is hereby overruled, and it is received in evidence without reservations.

We find nothing in the authorities cited by petitioner which is inconsistent with this holding.

While the question has not been raised in this proceeding, we may say in passing that we find it unnecessary to decide whether the signature of the Commissioner is essential to give such a waiver validity, in view of our holding herein that no showing has been made by the petitioner that the signature of the Commissioner upon this waiver was not put upon it by him or by some one with authority to sign for him.

As pointed out in the circuit court's opinion, this petitioner's return for the year 1919 was made on March 15, 1920. Thus, the five-year period for assessment and collection provided by statute expired on March 15, 1925. The waiver herein involved was not given until November 1925. However, the waiver, although given

after the expiration of the five-year period, is effective. *Stange* v. *United States*, 282 U.S. 270. It extended the time for assessment of any taxes for the year 1919 until December 31, 1926. Prior to that date, to wit, on May 18, 1926, the respondent notified the petitioner of the deficiency in question, and an appeal was duly filed with the Board. We hold that there has been a waiver of the statute of limitations by the petitioner and that assessment and collection of the deficiency in question are not barred.

Reviewed by the Board.

> *Decision will be entered that there is a deficiency in tax for the year 1919 in the amount of $37,455.55.*

MURDOCK concurs in the result.