### HARWELL et al. v. COMMISSIONER OF INTERNAL REVENUE.

No. 3663.

United States Court of Appeals Tenth Circuit.

Nov. 1, 1948.

Philip L. Kelton, of Dallas, Tex. (Strasburger, Price, Holland, Kelton & Miller, of Dallas, Tex., on the brief), for petitioners.

Wm. B. Waldo, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., and George A. Stinson and Harry Marselli, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

This is a petition to review a decision of the Tax Court. On September 30, 1937, E. P. Harwell, who owned all of the outstanding stock of the Trinity Farm Securities Company, a corporation, exchanged all of such stock for the assets of the corporation. A part of the assets thus acquired was approximately 4500 acres of land situate in Dallas County Levee Improvement District No. 5.[1] On the date of the exchange, the accrued and unpaid taxes, interest, and penalties assessed against the land amounted to $307,900.73.

Prior to and during the year 1940, the Improvement District was unable to collect taxes from the owners of the land within the District sufficient to pay installments due on the principal of its bonds and the interest accrued thereon. In 1940, the Improvement District filed its petition for confirmation of composition of indebtedness in Cause No. 4018, Bankruptcy, pending in the District Court of the United States for the Northern District of Texas, and that court entered an order confirming the composition. Pursuant to that order, certain of the landowners paid in substantial sums with which to retire bonds and pay taxes; and all Improvement District taxes were paid and all of its outstanding bonds were retired. In 1940, E. P. Harwell conveyed to the Improvement District the land re-

---

[1] Hereinafter called the Improvement District.

ferred to above. He received no consideration therefor, other than the discharge of delinquent taxes against the land which had accrued since the acquisition thereof and for which he was personally liable.

In their return for the year 1940, the Harwells claimed an ordinary loss of $383,734.34 as a result of the conveyance of the land to the Improvement District. The Commissioner disallowed the loss on the ground that the fair market value of the land on September 30, 1937, the date of acquisition, was not in excess of the taxes assessed against the land and the penalties accrued thereon, which remained unpaid on September 30, 1937. The Harwells filed a petition for review with the Tax Court, alleging that the value of the land on September 30, 1937, was $448,480, and that, as a result of the transfer after adjustment for taxes and depreciation, they suffered a loss of $136,931.86.

At the inception of the hearing before the Tax Court, the Harwells and the Commissioner both announced that the sole issue was the fair market value of the land on September 30, 1937. In its opinion, the Tax Court stated: "The parties agree that the only point for decision under the issue is the fair market value of the tracts on September 30, 1937."

The Tax Court found that the value of the land and the improvements thereon on the date of acquisition was $370,764.82, or $62,663.09 more than the accrued taxes and penalties on that date.

After the Tax Court had made its findings and filed its opinion, the Commissioner filed a memorandum brief in which he took the position for the first time that the transaction was a sale or exchange of a capital asset and that taxable gain or loss was to be determined under the provisions of § 117(d) of the Revenue Act of 1938, 26 U.S.C.A. § 117(d).

Thereafter, the Tax Court entered an order under Rule 50, 26 U.S.C.A. following section 5012, adjudging that there was a deficiency in income tax liability for the year 1940 of $15,904.56.

Thereafter, the Harwells filed a petition for rehearing in which they set up that, as a result of the transfer of the land to the Improvement District in 1940, they were relieved of personal liability for the taxes assessed against the land for the years 1938 and 1939 and accrued interest thereon; that in those years, there were assessed against the land by the Improvement District, taxes for the retirement of bonds in the amount of $30,772.45, and for the payment of interest on bonds in the amount of $57,736.42; that on the date of the transfer, there was accrued interest on delinquent taxes assessed by the Improvement District aggregating $5,419.58, and unpaid state, county, and school taxes assessed for the years 1938 and 1939, amounting to $1,826.07; and that, if the discharge of personal liability for such taxes was to be regarded as consideration received for the conveyance and the transaction treated as a capital gain or loss, petitioners were entitled to a deduction of the Improvement District taxes levied for the payment of the interest, the accrued interest on the Improvement District taxes, and the general taxes assessed for the years 1938 and 1939. The motion for rehearing was supported by data fully disclosing the above facts.

The Tax Court denied the motion for rehearing on the ground that the tax data supporting the petition for rehearing showed that "the transfer in 1940 was in part in consideration of escape from personal liability for taxes during petitioners' ownership, and the transfer was a capital transaction, a sale or exchange, within section 117, giving rise to capital, and, not ordinary, loss," and that "in any event, so far as is indicated by the facts of record, or now proffered by the motion and supporting data, any payment of taxes on petitioners' own land during their ownership would be a deduction, not an addition to base."

In the latter quoted statement, the Tax Court misstated the facts and fell into an error of law. The supporting data clearly set forth the taxes assessed and levied by the Improvement District in the years 1938 and 1939 for the retirement of interest on bonds, the interest that had accrued on unpaid taxes for those years on the date of the transfer, and the general taxes, with

accrued interest thereon, to the date of the transfer.

The taxes assessed for the years 1938 and 1939 for the retirement of bonds were for the payment of improvements to the land and should have been added to the base, but the taxes assessed for the payment of interest on bonds, accrued interest on delinquent Improvement District taxes, and the general taxes and accrued interest thereon, paid in 1940 by the conveyance of the land, were proper deductions for the year 1940. Sections 23(c)(1) and 23(c)(4) of the Internal Revenue Code (now § 23(c)(1) (E); Lee Wilson & Co. v. Commissioner, 25 B.T.A. 840, 848; Chapman & Dewey Lumber Co. et al. v. Commissioner, 25 B.T.A. 1166, 1168; Missouri State Life Ins. Co. v. Commissioner, 29 B.T.A. 401, 414.

Since the Tax Court denied the petition for rehearing upon an erroneous assumption of fact and an erroneous conclusion of law, the order is reversed and the cause remanded with instructions to grant the petition for rehearing.

